The next case for argument this morning is United States v. Williams 22-1212. Good morning, Ms. Ettinger. Good morning, Your Honors. May it please the Court, Jess Ettinger for Troy Williams. We're here today to talk about the denial of a compassionate release motion and ask the Court to reverse that denial. At the bottom of this is that extraordinary and compelling reasons mean something. Congress didn't define that standard, but the parties here have lined up the statute's text against contemporary dictionaries, and we— Ms. Ettinger, can I ask you a question? Do we have to overrule our precedent, particularly in King and Peoples, in order to grant you the relief that you want? You do not, Your Honor. You do not. You mentioned King and Peoples, but you can also thread the needle with Thacker and Martin— Right, right. There's a lot of them. You don't. You can stand firm on Thacker and King because this case is different. But how so? Because I think those cases say zero plus zero equals zero, and here you've got—you allege an illegal sentence. It's not an illegal sentence. It was a legal sentence that was imposed pre-Booker, and that's not a valid reason for extraordinary and compassionate release. And then you've got rehabilitation, which also is not a valid reason for—extraordinary and compelling reason for compassionate release. So how do we not have to overrule our precedent to rule in your favor? I mean, this is a sympathetic case. I mean, this is why I'm asking these questions. I understand the points you're making about Mr. Wallace and the sentence he received and his behavior in prison. I get that. So I break down your question. You said zero plus zero to start. I would say you can have two pieces that are insufficient by themselves that add up to a whole. And you may quibble with me on that as to whether either of these— Well, I'm just asking, does our case law permit that? Whether I agree with it or not, it doesn't matter. But our case law seems to be far different than the First Circuit's case that just came out a couple of weeks ago. Far different. And can I just add to that? I mean, I think what we're seeing, if we look at the First Circuit, if we look at some of the other circuits, and then we look at our circuit, is that some circuits have said there's no per se ban on throwing things like, you know, the length of the sentence or other things into the calculus when the judge is ruling on the compassionate release motion. And that would be actually consistent with a long line of Supreme Court cases in the sentencing area, which I might mention in a minute. It starts with Gall, goes through, you know, Dean. It goes through all sorts of things. The Supreme Court has consistently said these per se bans don't exist. The district courts have broad discretion. We have taken the position, starting with Thacker, really, and focusing on 924C, that the retroactivity decision has already been made by Congress. And so there is a per se ban in terms of even throwing into the general hopper, you know, this idea. And I understand your argument to be that this is confusing things that are matters of discretion with things that are matters of right, for one thing. But I tend to share what Judge Kirsch may be implying, which is that we've said a lot of things that might need to be pulled back if we were to agree with you. Well, let me start with Thacker, as Judge Wood mentioned. So Thacker is a 924C case. It talks in language about lawfully imposed sentences. Judge Kirsch pushed back on my description of Mr. Williams' sentence as illegal, but the word illegal is coming from this court. It's not one that I'm just making up. It's coming from Palladino. It's coming from a description of an unconstitutional procedure that produces Mr. Williams' sentence. I think we all agree on that point. But then it also, and importantly, Thacker talks not just about this. But under McReynolds, of course, only in hindsight is it an unconstitutional procedure that produces that sentence. Had he still been in the direct appeal process, you know, he would have gotten Palladino remand, maybe somebody would have done something about it. But, in fact, there's a line that gets drawn after Booker, exemplified in our circuit by McReynolds, but we're by no means an outlier on this point, that there's no retroactivity to Booker. We didn't go back and redo every criminal sentence that had been issued since the Sentencing Reform Act of 1984. Sorry, the guidelines come in in 1987. So I think maybe you're stuck with a sentence that was legal at the time. The sentencing procedure is the same as Mr. Booker's for Mr. Williams. Right. The Sixth Amendment didn't change. We certainly understand post-Booker that that procedure— Booker shed light on it that surprised a lot of people and maybe didn't surprise others. But people weren't entitled on collateral review to go back and get a redo. But that's the key word, Your Honor, is entitled. And that's a point I wanted to underline in front of the Court this morning. When we talk about compassionate release motions and we talk about collateral attacks, those are two different types of petition. One is a demand. One says, I've identified an error that goes to the legality, to the validity of my underlying conviction. The other one is a request for relief, a discretionary-based request. It comes with a please. Why wouldn't that allow you to circumvent the collateral attack route? So I don't think it's circumventing or an end run, as Thacker and other cases are concerned about, certainly not as to Mr. Williams, who has diligently made these claims at every possible opportunity. And to go back to the arbitrariness of timing, I mean, 10 months go by between when his conviction becomes final and when Booker comes down. But there's no end run. This is not a Martin-type situation where this is a claim that could have been raised on direct appeal and someone sat on their rights. This is not a situation where he's trying to get the benefit of Booker retroactively because he's entitled to relief. As I understand your argument, you're saying that the ability to put in front of the judge any factors you want to in a plea for mercy is not something that undermines the rules of law that govern entitlements or the strict rules of law, any more than the ability to raise these points in front of the president, if you're looking for executive clemency. Nobody thinks that undermines the sentencing structure. It's a completely different path. That's right. That's right, Your Honor. And to circle back to why we're not falling into precedent land, why we're not foreclosed, I mentioned 924C. I mentioned not lawfully imposed being key language from Thacker. But Thacker also talks about deliberate choices that Congress has made, deliberate choices that implicate separation of powers concerns, that implicate policy-driven choices Congress makes when it says this amendment is prospective only. Those policy choices aren't happening in Mr. Williams' pre-Booker unconstitutional sentencing procedure. It's just different concerns. So when we talk about compassionate relief, we're talking about individualized relief. I know I'm into my rebuttal time, so if I may pause and come back after my colleagues finish. Of course. Thank you. Thanks. Ms. Tableson. May it please the Court, Rebecca Tableson on behalf of the United States. Your Honors, this Court has already decided the two issues presented in this appeal and several times over. But what I'm interested in, that said, is our, you know, sometimes as time goes on, you begin to see a pattern. You begin to wonder whether we're off on the right track. Other circuits have spoken up. This is a very important issue given the First Step Act changes and the Compassionate Relief Statute. And I went back and looked at all these Supreme Court decisions that repeatedly say we're not going to tie the district court's hands in its sentencing. Gall, of course, is a big one. Pepper is there. There's Freeman. There's, you know, the ability to shorten offense sentences because there's a lengthy consecutive sentence. We at one point said, no, you can't do that because that undermines the consecutive sentence. The Supreme Court said in 2017, and Dean, no, you're wrong. The district judge's discretion extends that far. You've got Kimbrough. You've got so many cases where the Supreme Court has said when the district courts have this discretion, you can put the information in front of them. They can ignore it, I suspect, given my experience of Compassionate Relief motions. A great number of them wouldn't really be changed by this. But maybe we were too rigid when we said certain things were just categorically off the table. Your Honor, that regime is precisely consistent with the one established in Thacker, Brock, and King. I know, and I'm saying we may have been wrong to be that rigid in Thacker, Brock, and King. I'm saying the regime you're describing in the Supreme Court cases is reflected in your cases in the following sense. At the 3553A weighing stage, those cases establish that a district court is absolutely free to and should consider these intervening changes in law. And the Supreme Court's most recent description of the district court's sentencing discretion in Concepcion against the United States is also fully consistent with that approach. But why is it consistent with saying in assessing whether something extraordinary and compelling is before us, we can't do this? We can't take this? I mean, it seems like a very artificial division. And actually, now that we have a sentencing commission again, maybe we'll get some guidance. It may be that our court's position will be rejected by the commission. Possible, and the Supreme Court has denied cert on this split, I think, in reliance on that forthcoming guidance. But to answer your question, your first question, the words extraordinary and compelling under Thacker, Brock, and King provide that limitation. There is simply nothing extraordinary about a defendant being sentenced under the sentencing procedures that govern at the time that he is sentenced. No, I get that. But the extraordinary and compelling is one of those all the facts and circumstances things. So you could probably pick out any individual fact that's put in front of the district court and say, well, that fact alone wouldn't be enough. So you had COVID-19, there are vaccines, so you had this, so you had that. It's when you put it all together, have you shown that there's something about this individual situation that passes muster in the district court judge's assessment? One of the limits that this court has derived on that phrase is from looking at Section 2255, which is, of course, the main mechanism through which prisoners can challenge the legality of their sentence and convictions. And if a prisoner could simply avoid the carefully reticulated limitations in Section 2255— if all you're doing—would you really give up the chance to actually have a right to relief for the whatever 1% chance it is of getting discretionary relief? I don't think that's plausible. I think the distinction in the discretionary versus right to relief here between 3582C1A and 2255 is not quite as stark as my friend makes it out to be. Under 3582C1A, you have to show extraordinary and compelling reasons, and then you get a 3553A weighing. Under 2255, you have to show a legitimate legal claim, and then you go back to resentencing, and you get a 3553A weighing. So a defendant can prevail on his 2255 and then go back to resentencing and get precisely the same sentence under the 3553A. I've certainly seen that. But this defendant couldn't do that. He absolutely could, Your Honor. In fact, if he were resentenced today, his guidelines range today— But he couldn't get 2255 today. Oh, you're right. Yes. I mean, even if—imagining Booker was retroactive and he could get 2255— Right. Even so, he has the same guidelines range and the same statutory maximum today because that's how serious his crime was. So let me just, as a sidelight, ask you whether this is the best case for us to deal with this because Judge Ludwig, in the alternative, makes the 3553A findings. And so as I read that, he's saying, suppose I'm wrong and there is something extraordinary and compelling. I still don't think this person should get—so doesn't that wrap up the case? Absolutely. I think this court's case law on extraordinary and compelling is clear. There's no reason to muddy the waters here. We also have a firm, unequivocal finding under 3553A that passes muster under cases like UGBA. The district court explained coherently why the 3553A factors wouldn't support resentencing even if extraordinary and compelling reasons existed. So that's absolutely available to Your Honors as an alternate basis to affirm the decision below. You said you just need one good reason, right? Yes, indeed. I mean, the district court—I think the phrase from this court's case law is something like 3582C1A is about the length of prison sentences, not the length of district court opinions. And so the district court needs to explain which factors actually matter to his analysis under 3553A, and he doesn't need to do more than that. And that is what Judge Ludwig did here. If the court has no further questions, we respectfully ask that the court affirm the decision below. Thank you very much. Thank you. Settinger? So, Ms. Settinger, what about that 3553A part of Judge Ludwig's opinion? How can we not give that the full credence the judge says? I'm going to go on and do this. Sure, Judge Wood. So two responses. The first is you do have to give credence to what Judge Ludwig said, and what he said was, I'm ruling on extraordinary and compelling, and, oh, by the way, for the sake of completeness, I'm going to offer a 3553A analysis. And he says it at the beginning of his opinion on page 2 in the short appendix, and he says it again on page 6 of the short appendix. So in that context, he then offers an advisory, what we would call an advisory opinion under 3553A. Why wouldn't we call it a ruling in the alternative? So if you disagree with me on that and you think, no, it is a ruling in the alternative, then I would urge this court to consider whether that alternative ruling really adheres to Black, which the government has not offered a response to today in their brief. Black is pretty clear in saying this court's precedent and in saying you have to consider the statutory change. And I've read the district court opinion several times, and I don't think there's any language expressed or implied that suggests the court really took that into consideration. And Black is very clear that that is very important in the 3553 analysis. The other two points I would bring up is that, to your point, Judge Wood, you talked about the Supreme Court consistently saying district court discretion is key. 3582 talks about the district court's findings of extraordinary and compelling circumstances. I think that's key language that goes directly to your point about district court discretion. And then related to that, the idea that extraordinary and compelling needs to be evaluated in terms of Mr. Williams' ordinary sentencing procedure in 2001 really belies the point. We're talking about whether Mr. Williams' situation today is extraordinary and compelling. What is the constellation of circumstances in which he finds himself today, and how do we understand his situation in light of the plain language Congress gave district courts? He's got a sentence based on an unconstitutional sentencing procedure that has created a life sentence under then-mandatory guidelines. Nothing entitles him to relief. He's been told no over and over again, but he's persevered. He's rehabilitated, and it's not the average defendant who faces no possibility of parole, no opportunity to accrue good time credit, no potential for more time at a halfway house, and still broadens his horizons and diligently avoids trouble. For those reasons, we ask the court to reverse the district court's order. Thank you. Thank you. The case will be taken under advisement, and that concludes oral argument this morning.